**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------
**Arnold Dalisay**

                 **Petitioner,**         07 Civ. 2753 (JGK)

      - against -                 **MEMORANDUM OPINION**
                                                      **AND ORDER**
**United States of America,**

                 **Respondent.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Arnold Dalisay, who appears pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that the petitioner received ineffective assistance of counsel. In the alternative, the petitioner seeks an evidentiary hearing to determine whether his trial counsel provided ineffective assistance of counsel in connection with the petitioner's plea of guilty.

I.

    On September 2, 2005, the petitioner pleaded guilty to a one count superseding information charging him with participating in a conspiracy in violation of 21 U.S.C. § 846, to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). On March 30, 2006, the Court

1

sentenced the petitioner to a sentence of imprisonment of 51 months, a term of supervised release of three years, and a $100 special assessment. (Dalisay Aff. Ex. A at 5-6.) On June 15, 2006, the Immigration and Naturalization Service ("INS") initiated removal proceedings, because the petitioner was subject to removal following a conviction of an aggravated felony. (Dalisay Aff. Ex. C.)

On March 6, 2007, the current motion pursuant to 28 U.S.C. § 2255 was filed with the Pro Se Office of this Court. The petitioner seeks to vacate his sentence, or in the alternative, moves for an evidentiary hearing on the grounds that he received ineffective assistance of counsel when his attorney allegedly informed him incorrectly that he was a citizen and would not be subject to deportation as a result of his plea of guilty. (Petr.'s Mem. 3, 4.)

II.

The basis of the petitioner's claim is that his trial counsel rendered ineffective assistance by falsely advising him that he had confirmed the petitioner's status as a United States citizen and that the petitioner would not face deportation if convicted. The petitioner further alleges that he entered his guilty plea in reliance of this information. (Dalisay Aff. ¶¶ 9-10.)

2

To establish a claim of ineffective assistance of counsel, the petitioner must show that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

The petitioner cannot meet the first prong of this test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, the defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." See Strickland, 466 U.S. at 687. In fact, there is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and a defendant bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89). An affirmative misrepresentation as to the deportation consequences of a guilty plea, however, is considered to be

3

objectively unreasonable.  See United States v. Couto, 311 F.3d 179, 188 (2d Cir. 2002) (recognizing that an affirmative misrepresentation as to the deportation consequences of a guilty plea was objectively unreasonable).

To meet the second prong of the Strickland test, the petitioner must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Ramos v. United States, No. 97 Civ. 2572, 1998 WL 230935, at *3 (S.D.N.Y. May 8, 1998).

Where a defendant challenges a guilty plea on the basis of alleged ineffective assistance of counsel, the defendant must show that, but for counsel's error, there is a reasonable probability that he would not have pleaded guilty.  Hill v. Lockhart, 474 U.S. 52, 59 (1985); Tate v. Wood, 963 F.2d 20, 23-24 (2d Cir. 1992).  In the context of sentencing, the petitioner must show that but for counsel's ineffectiveness, there is a reasonable probability that the sentence imposed would have been different.  See United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997).

4

A.

While the petitioner alleges that defense counsel failed to verify the petitioner's citizenship status and falsely represented that the petitioner was indeed a United States citizen, the records submitted, including the petitioner's own sworn statements at his guilty plea refute that allegation.  In support of his petition, the petitioner submitted an affidavit in which he stated that his trial counsel, Jeffrey Pittell, informed him that he had verified the petitioner's mother's citizenship and advised the petitioner that he was indeed a citizen. (Dalisay Aff. ¶ 9.)  The petitioner offers no other evidence to support his claim.  See Farr v. Greiner, No. 01 Civ. 6921 2007 WL 1094160, at * 33 (E.D.N.Y. Apr. 10, 2007) (petitioner's own statements, alone, contradicted by other evidence, is not sufficient to establish ineffective assistance).  Mr. Pittell, on the other hand, has submitted a responsive affidavit in which he denies that he ever informed the petitioner that he was a United States citizen.  (Pittell Aff. ¶ 19(b).)  In support of this claim, Mr. Pittell has submitted copies of letters from the petitioner in which the petitioner adamantly asserted his status as a United States citizen and expressed anger

5

towards Mr. Pittell for advising him otherwise. (Pittell Aff. Ex. A at 1.) Mr. Pittell has also submitted a copy of a letter sent to the petitioner, dated August 29, 2005, prior to the petitioner's guilty plea, in which Mr. Pittell informed the petitioner that he was unable to contact the petitioner's mother to confirm his citizenship status. (Pittell Aff. Ex. A at 11.)

Furthermore, the transcript of the petitioner's plea allocution indicates that both parties were unsure of the petitioner's citizenship at the time of the plea. When asked under oath if he was a citizen, the petitioner replied, "I'm not sure, sir." (Plea Tr. 17.) Defense counsel also confirmed this uncertainty when he stated that the petitioner's citizenship status was "kind of an open question." (Plea Tr. 17.)

The petitioner cannot refute his solemn declarations under oath at his guilty plea simply with an affidavit that states the opposite. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); see also Rosa v. United States, 170 F. Supp. 2d, 388, 402 (S.D.N.Y. 2001)(citing United States v. Arias, 166 F.3d 1201, 1998 WL 852740 (2d Cir. 1998)). The correspondence and the transcript of the plea allocution demonstrate that defense counsel was clear that the petitioner's citizenship status was unknown at the time of

6

the petitioner's plea.  Despite the uncertainty as to his citizenship status, the petitioner decided to proceed with his plea.  Therefore, the petitioner's argument that his counsel was ineffective for misrepresenting petitioner's citizenship status is without merit.

The petitioner also fails to present any evidence to show that he was prejudiced by any alleged statements regarding his citizenship.  At the defendant's plea allocution, the court questioned the petitioner with respect to his immigration status to ensure that the petitioner was fully informed of the consequences of his plea of guilty:

> THE COURT: Are you a citizen, Mr. Dalisay?
>
> THE DEFENDANT: I'm not sure, sir.
>
> MR. PITTELL: Your Honor, that's kind of an open question.
>
> THE COURT: Let me just advise you that... since it's an open question or unclear, that a conviction to this felony crime can have consequence for your status in the United States.  A felony conviction for a narcotics offense, narcotics violation such as this, can be used as a basis for a removal of a person from the United States.  Whether that applies in your case, I couldn't determine, but I simply advise you of that so that depending upon what your status is, you understand that this conviction can have that consequence for you.
>
> THE DEFENDANT: Yes, Sir.
>
> (Plea Tr. 17.)

7

The petitioner indicated that he understood this warning and proceeded to enter a plea of guilty. (Plea Tr. 17, 28.) The Court's warnings, along with the petitioner's responses, at the plea allocution indicate not only that the petitioner was unsure of his immigration status, but that he was willing to enter a guilty plea despite this uncertainty.

Because the petitioner has failed to show that his counsel's representation was objectively unreasonable or that he suffered any prejudice, the petitioner's claim for ineffective assistance of counsel must fail.

B.

The petitioner requests, in the alternative, an evidentiary hearing to determine whether his trial counsel was ineffective. "An evidentiary hearing is required only if the petitioner has alleged facts that, if true, would entitle petitioner to relief." Marel v. Lord, No. 95 Civ. 9968, 1998 WL 17730, at *4 (S.D.N.Y. Jan. 16, 1998). It is within the Court's discretion to deny a full evidentiary hearing in the face of unsubstantiated claims by the petitioner. See Chang v. U.S., 250 F.3d 79, 86 (2d Cir. 2001) (upholding district court's denial of a full evidentiary hearing where the petitioner bore the burden of

proving his claim, but did not proffer credible evidence in support of his claim).

Based on the records submitted, there is no merit to the petitioner's ineffective assistance of counsel claim. In support of his claim, the petitioner only offers his statements in an affidavit, which is contradicted by the record evidence and the petitioner's own contemporaneous statements under oath at his plea allocution. Under the circumstances, the petitioner is not entitled to an evidentiary hearing. See Chang, 250 F.3d at 84-86; Lu v. United States, No. 04 Civ. 8856, 2006 WL 1663283, at *4 (S.D.N.Y. June 14, 2006) (collecting cases).

## CONCLUSION

The Court has considered all of the petitioner's arguments. To the extent not specifically addressed above, they are either moot or without merit. The petitioner's motion is therefore **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. §

2253(c). The Clerk is directed to enter judgment dismissing the petition and closing the case.

SO ORDERED.

Dated:    New York, New York
          April 21, 2008

_____
John G. Koeltl
United States District Judge